HARRIET L. READ *et al. vs.* MATILDA GARDNER, EX'X.

JUNE 15, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Probate Law. Trial of Probate Appeal while another Appeal Pending.*

While two appeals were pending from decrees of a probate court, one being for the sale of real estate, and the other for an allowance of an account of an

executrix, and the first appeal having reached the Supreme Court on exceptions, the second came on for trial and appellants moved that it be taken from the jury on the ground that the appeal being tried in the body of the former appeal, the verdict might be inconsistent with the opinion of the Supreme Court in the first appeal:—

*Held,* properly denied.

PROBATE APPEAL. Heard on appellant's exceptions and overruled.

BLODGETT, J. This is an appeal by Harriet L. Read and Bradford Campbell from a decree of the Municipal Court of the City of Providence allowing, as amended, the first account of Matilda Gardner as executrix of the will of Rebecca Campbell, late of Providence, deceased.

At the trial of said appeal in the Superior Court counsel for the appellants made a motion that the case be taken from the jury and passed, on the following grounds: That this appeal was one of two appeals then pending from decrees of the Municipal Court, the first decree being for the sale of real estate, and the second, for an allowance of the first account of the executrix; that the appeal in the first of said decrees was then pending in the Supreme Court upon exceptions, after a verdict for the appellee; that the present appeal was tried in the body of said former appeal wherein testimony was introduced as to the account, which is the matter involved in the present appeal; that if the present appeal should proceed to trial before the jury, the verdict rendered therein might be inconsistent with the decision of the Supreme Court in the former appeal, and thus lead to confusion.

The motion was denied and an exception was taken. The appellants thereupon declined to offer evidence or to participate in the trial. They then filed their bill of exceptions, the only exception contained therein being as follows: "The appellants excepted to a ruling of said justice at the trial of said appeal, denying appellant's motion that said appeal be taken from the jury as shown on page 4, Transcript of Testimony, &c., filed in said Court."

In the former case between the same parties involving the

correctness of the proceedings relative to the decree authorizing the sale of said real estate, reported in 30 R. I. 485, this court held as follows: (p. 487) "We see no error in the action of the Superior Court in proceeding with the trial of this appeal while the other appeal was pending; nor do we see error in the admission in evidence of the account of the executrix as allowed by said municipal court, certainly for the purpose of showing what personalty had come to her hands and what payments therefrom she had made, and which were not questioned. It was part of the case of the executrix to show these things and thus enable the Superior Court to be convinced that other claims, not therein included, would render the personal estate insufficient to pay them and thus justify and require the sale of real estate."

That case is decisive of the case at bar. The appellants take nothing by their exception to the ruling of the trial justice refusing to take the case from the jury and to pass the trial of it, and, inasmuch as they offered no evidence to contradict the correctness of the evidence offered by the appellee in support of the allowance of the amended account, the trial justice properly directed a verdict for the appellee.

Appellants' exception overruled, and case remitted to the Superior Court with direction to enter its decree upon the verdict.

*Thomas A. Carroll, Walter P. Suesman,* for appellants.
*Irving Champlin, James Harris,* for appellee.